FILED
02 JUN -4 AM 9:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## EASTERN DIVISION

| | | |
|---|---|---|
| **REX HAWKINS,** | ] | |
| Plaintiff(s), | ] | |
| vs. | ] | CV-01-N-2279-E |
| **NORDIC COLD STORAGE, et al.,** | ] | |
| Defendant(s). | ] | |


ENTERED
JUN 0 4 2002

**Memorandum of Opinion**

### I. Introduction

The court has for consideration the motion of the defendants Nordic Cold Storage, L.L.C. (hereinafter "NCS"), and Lisa Jones, for summary judgment, filed January 29, 2002. (Doc. # 16). The above-styled action was reassigned to the undersigned on May 28, 2002, with the above-referenced motion pending. (Doc. # 23). The plaintiff in this action, Rex Hawkins, is proceeding pro se. He contends that the defendants discriminated against him on the basis of his gender, male, his race, white, and his religion.[1] The record indicates that Mr. Hawkins has been informed of his duties and obligations on summary judgment. (Doc. # 21). Nonetheless, the plaintiff has submitted only a four-page, handwritten submission in opposition. The court has reviewed this submission as well as the submissions of the defendants. The matter being now ripe for decision, the court finds defendants' motion due to be and hereby **GRANTED**.

---

[1] The defendants have also moved for dismissal of Mr. Hawkins' defamation claim against Ms. Jones. The court has read and re-read Mr. Hawkins' amended complaints (Doc. # 2, 10) and finds no defamation claim articulated therein. Such a claim is, therefore, not before the court.

## II. Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also DeJulio v. Georgia*, 276 F.3d 1244, 1248 (11th Cir. 2001). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quotations omitted); *see also Comer v. City of Palm Bay*, 265 F.3d 1186, 1192 (11th Cir. 2001); *Crawford-El v. Britton*, 523 U.S. 574, 600 n.22 (1998). The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23. Once the moving party has met this burden, "the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)); *see also Comer, supra*.

The court must grant a motion for summary judgment if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law will identify which facts are material and which are irrelevant.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. "[T]he judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249; *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249 (citations omitted); *accord Dzikowski v. NASD Regulation, Inc. (In re Scanlon)*, 239 F.3d 1195, 1198 (11th Cir. 2001); *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999). In rendering its decision, "[a] court 'must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence.'" *Hinson v. Clinch County Bd. of Educ.*, 231 F.3d 821, 826-27 (11th Cir. 2000) (quoting *Reeves*, 530 U.S. at 150); *see also Comer*, *supra*. However, even while this court views "factual inferences favorably toward the nonmoving party and [provides] pro se complaints . . . a liberal interpretation . . ., a pro se litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to [her] case in order to avert summary judgment." *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

### III.    Discussion

#### A.    Defendant Lisa Jones

Lisa Jones is being sued in her capacity as Mr. Hawkins' co-worker. Such liability, however, cannot be had under Title VII. "The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act.

3

The only proper individual defendants in a Title VII action would be supervisory employees in their capacity as agents of the employer." *Hinson v. Clinch County Bd. of Educ.*, 231 F.3d 821, 827 (11th Cir. 2000) (quoting *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (quotations and citation omitted)). Mr. Hawkins has neither proven nor alleged Ms. Jones to be a supervisory employee acting as an agent of her employer. Summary judgment, therefore, is due to be **GRANTED** as to all Title VII claims set forth against her.

### B. Defendant Nordic Cold Storage

#### 1. Sexual Harassment

Plaintiff's complaint alleges that he was sexually harassed because he saw "Lisa Jones [and] another male employee . . . rub up against each other while other employees were doing their job." (Doc. # 2, p.1; Doc. # 10, p.1). Plaintiff alleges that he "did not want to see this while [he] was trying to perform [his] job duties." (*Id.*). He also alleges that Ms. Jones "rubbed up against [him] one time." (*Id.*). He also contends that he did not report the conduct to his supervisor because "every time [he tried] to tell him anything he would say he did not want to hear it." (*Id.*).

To establish his prima facie case of sexual harassment, Mr. Hawkins as the plaintiff employee must show:

> (1) that he . . . belongs to a protected group; (2) that [he] has been subject to unwelcome sexual harassment, such as sexual advances, requests for sexual favors, and other conduct of a sexual nature; (3) that the harassment must have been based on [his] sex . . . ; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) a basis for holding the employer liable.

4

*Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999)(citing *Henson v. City of Dundee*, 682 F.2d 897, 903-05 (11th Cir. 1982)). There is no dispute that Ms. Jones was Mr. Hawkins' co-worker. Therefore, in order to find a basis for holding NCS liable for Ms. Jones's harassment, Mr. Hawkins must show that NCS knew or should have known of Ms. Jones's harassing conduct and that it failed to take prompt remedial action. *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1278 (11th Cir. 2002).

"[A] victim of coworker harassment must show either actual knowledge on the part of the employer or conduct sufficiently severe and pervasive as to constitute constructive knowledge to the employer." *Id.* (citing *Breda v. Wolf Camera & Video*, 222 F.3d 886, 889 (11th Cir. 2000)). "Actual notice is established by proof that management knew of the harassment, whereas constructive notice will be found where the harassment was so severe and pervasive that management should have known of it." *Id.*

Plaintiff has admitted that he did not report Ms. Jones's conduct to his supervisor. Moreover, the conduct between Ms. Jones and another employee and the single incident of physical contact with Mr. Hawkins is not sufficient, as a matter of law, to provide NCS with constructive notice. Summary judgment is therefore due to be **GRANTED** as to the sexual harassment claim.

2. **Religious, Race and Gender Discrimination**

Two allegedly unlawful actions serve as the basis for Mr. Hawkins' claims of discrimination. The first involves threats by Ms. Jones to write him up in presumably negative or disciplinary fashion. The second involves his termination. Additionally, Mr.

5

Hawkins claims that black employees and female employees were treated more favorably at NCS.

The Court finds that Mr. Jones's threat to write Mr. Hawkins up is not an actionable adverse employment action. Putting aside a lack of substantive evidence that Ms. Jones had authority to discipline Mr. Hawkins, there is no evidence that she actually ever took action against him. A "threat" that is not carried forward does not support a cause of action for discrimination. *See Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1261 (11th Cir. 2001) (citing, *inter alia*, *Davis v. Town of Lake Park*, 245 F.3d 1232, 1241 (11th Cir. 2001)); *Geer v. Marco Warehousing, Inc.*, 179 F. Supp. 2d 1332, 1344-45 (M.D. Ala. 2001)(citing *Kersting v. Wal-Mart*, 250 F.3d 1109, 1118 (7th Cir.2001); *Nunez v. City of Los Angeles*, 147 F.3d 867, 874-75 (9th Cir.1998); *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1382 (10th Cir. 1994)). Summary judgment is therefore due to be **GRANTED** on this claim.

With respect to Mr. Hawkins' allegations that he was terminated on the basis of his sex, gender, and religion, NCS contends that it terminated Mr. Hawkins because he proceeded up and down the warehouse dock cursing Ms. Jones and calling her a "stupid bitch." Mr. Hawkins admits that he called Ms. Jones a "stupid bitch" after she threatened to write him up. However, he testified in his deposition that "everybody in there's f_ _ _ _ _ _ cussed everybody out in there." He also testified that she "pushed" him every night, telling him she was going to write him up.

This is a circumstantial evidence case. Therefore, Mr. Hawkins can survive NCS' motion for summary judgment only if he can demonstrate that the company's articulated reason for his termination is unworthy of credence.

> A plaintiff, relying on evidence that the employer's proffered reasons are unworthy of credence as the basis for an inference of intentional discrimination, will obviously only succeed if there is sufficient evidence for a reasonable person to conclude that the employer's proffered reasons were not the basis for the employment decision. To satisfy this threshold showing of pretext, a plaintiff may discredit the employer's proffered legitimate reasons by showing (1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate the employment decision, or (3) that they were insufficient to motivate the employment decision.

Walker v. NationsBank of Florida N.A., 53 F.3d 1548, 1564 (11th Cir. 1995)(Johnson, J., concurring). "Provided that the proffered reason is one that might motivate a reasonable employer, an employee must **meet that reason head on and rebut it**, and the employee cannot succeed by simply quarreling with the wisdom of that reason." Chapman v. AI Transport, 229 F.3d 1012, 1030 (11th Cir. 2000)(emphasis added).

The Eleventh Circuit Court of Appeals has recognized that:

> [f]ederal courts "do not sit as a super-personnel department that reexamines an entity's business decisions. No matter how medieval a firm's practices, no matter how high-handed its decisional process, no matter how mistaken the firm's managers, the ADEA does not interfere. Rather our inquiry is limited to whether the employer gave an honest explanation of its behavior."

Elrod v. Sears, Roebuck & Co., 939 F.2d 1466, 1470 (11th Cir. 1991) (quoting Mechnig v. Sears, Roebuck & Co., 864 F.2d 1359, 1365 (7th Cir.1988) (citations omitted)); see also Nix v. WLCY Radio/Rahall Communications, 738 F.2d 1181, 1187 (11th Cir.1984) (An "employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason."); Abel v. Dubberly, 210 F.3d 1334, 1339 n. 5 (11th Cir. 2000). We "do not ... second-guess the business judgment of employers." [Combs v. Plantation Patterns, 106 F.3d 1519,]1543 [(11th Cir. 1997)]; accord [Alexander v. Fulton County, Ga., 207 F.3d 1303,] 1339, 1341 [(11th Cir. 2000)]; Damon v. Fleming Supermarkets of Florida, Inc., 196 F.3d 1354, 1361 (11th Cir. 1999) ("We have repeatedly and emphatically held that a defendant may terminate an employee for a good or bad reason without violating federal law. We are not

in the business of adjudging whether employment decisions are prudent or fair." (internal citation omitted)).

*Id.* at 1030-31.

Plaintiff has not demonstrated a genuine issue of fact with regard to whether NCS' articulated reason for his termination is a pretext for unlawful discrimination. In response to NCS' motion for summary judgment, Mr. Hawkins states, "I was mad the night I got terminated because I was harassed by Lisa Jones [and] the company would do nothing about it." (Doc. # 22, p.2). He has not presented comparator evidence or any evidence that would demonstrate that the articulated reason for his termination was not the real reason. The court therefore finds that Mr. Hawkins has failed to raise a disputed issue of material fact. NCS is therefore entitled to a judgment as a matter of law as to his termination claims.

### IV. Conclusion

For the reasons set forth in the body of this memorandum, the defendants' motion for summary judgment is due to be and is hereby **GRANTED**. The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this ___4th___ of June, 2002.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE